IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLENE ARKANSAS, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:21-CV-0122-B-BH |
| | § | |
| SPECIALIZED LOAN SERVICING, LLC, | § | |
| WILMINGTON TRUST, NATIONAL | § | |
| ASSOCIATION, AS SUCCESSOR | § | |
| TRUSTEE TO CITIBANK, N.A., AS | § | |
| TRUSTEE FOR BEAR STERNS ASSET | § | |
| BACKED SECURITIES I TRUST | § | |
| 2006-HE4 ASSET-BACKED | § | |
| CERTIFICATES, SERIES 2006-HE4, and | § | |
| PAULA DIANE DUNCANSON, | § | |
| Defendants. | § | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is the plaintiff's opposed *Notice of Dismissal,* filed January 29, 2021 (doc. 6). Based on the relevant filings and applicable law, the plaintiff's notice should be liberally construed as a motion to dismiss and **GRANTED**.

**I.  BACKGROUND**

This case involves the foreclosure of real property located at 6415 Lazy River Drive, Dallas, Texas 75241 (the Property). (*See* doc. 1-1 at 4.)[2] On December 15, 2020, Charlene Arkansas (Plaintiff) sued Specialized Loan Servicing, LLC (SLC), Wilmington Trust, National Association, as Successor Trustee to Citibank, N.A., as Trustee for Bear Sterns Asset Backed Securities I Trust 2006-HE4 Asset-Backed Certificates, Series 2006-HE4 (Wilmington), and Paula Diane Duncanson

---

[1] By *Standing Order of Reference* filed February 12, 2021 (doc. 15), this case has been referred for full case management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

(Duncanson) in the 192nd Judicial District Court of Dallas County, Texas. (*Id.* at 2-7.) Plaintiff alleges that she is the rightful owner of the Property and seeks declaratory judgment that (1) she did not receive a home equity loan, (2) she did not sign the security instrument creating the lien against the Property, and (3) SLC and Wilmington are without legal authority or right to foreclose on the Property. (*Id.* at 4, 6.) She also claims that Duncanson notarized the security instrument that created the lien against the Property, and that the false certification constituted a negligent representation which caused her damages, for which she sues Duncanson. (*Id.* at 5-6.) SLC and Wilmington (Defendants) answered and asserted counterclaims on January 11, 2021. (*See id.* at 8-13.)[3]

Subsequently, on January 19, 2021, Defendants removed the case to this court based on diversity jurisdiction. (*See* doc. 1.) Plaintiff filed a notice of voluntary dismissal under Fed. R. Civ. P. 41(a)(1)(A)(i) on January 29, 2021, seeking to voluntarily dismiss her action without prejudice; Defendants opposed voluntary dismissal in a response filed on February 8, 2021. (*See* docs. 6, 10.)[4]

## II. JURISDICTION

Defendants removed this action based on diversity jurisdiction, alleging that Wilmington is a citizen of Delaware, that SLS is a citizen of Colorado, and that Plaintiff is a Texas citizen. (docs. 1 at 2-3; 4 at 2-3.)[5] While they concede that Duncanson is a Texas citizen, and therefore a non-diverse in-state defendant, they contend that her Texas citizenship should be disregarded for removal purposes because she was improperly joined. (doc. 1 at 4.)

Before proceeding, the Court must *sua sponte* consider whether Duncanson should be

---

[3]By order dated March 11, 2021, Defendants' motion for leave to file their first amended counterclaim was granted. (*See* docs. 18, 19.)

[4]On February 12, 2021, Plaintiff's counsel's motion to withdraw was granted (doc. 13), and Plaintiff is now proceeding *pro se*.

[5]Defendants also allege that the amount of controversy exceeds $75,000 because the total debt and value of the Property exceed $75,000. (*See* doc. 1 at 2.)

disregarded as an improperly joined defendant for purposes of diversity jurisdiction. *See EEOC v. Agro Distrib., LLC*, 555 F.3d 462, 467 (5th Cir. 2009) (even without an objection to subject matter jurisdiction, a court must consider *sua sponte* whether jurisdiction is proper). "The starting point for analyzing claims of improper joinder must be the statutes authorizing removal to federal court of cases filed in state court." *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004) (en banc). The federal removal statute allows removal of any civil action brought in state court of which the federal district courts have original jurisdiction. 28 U.S.C. § 1441(a). Original jurisdiction is of two types: federal question jurisdiction and diversity jurisdiction. *See* 28 U.S.C. §§ 1331, 1332. For diversity jurisdiction to exist, the amount in controversy must exceed $75,000 exclusive of interests and costs, and there must be complete diversity of citizenship, i.e. no plaintiff must be a citizen of the same state as any defendant. *See id.* § 1332; *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992). An action removable on diversity jurisdiction may not be removed if "any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b).

The improper joinder doctrine is a narrow exception to the complete diversity rule. *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011). It ensures "that the presence of an improperly joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity." *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009) (citation omitted). Under the doctrine, a court may disregard the citizenship of an improperly joined defendant in determining whether diversity jurisdiction exists. *See Smallwood*, 385 F.3d at 572. To show improper joinder, the removing defendant bears the heavy burden of showing either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* at 573-74 (citing *Travis v. Irby*, 326 F.3d 644,

646-47 (5th Cir. 2003)).

Where, as here, the parties' citizenship is undisputed, "the inquiry [ ] focuses on the plaintiff's inability to establish a cause of action against the non-diverse party in state court." *Adams v. Chase Bank*, No. 3:11-CV-3085-M, 2012 WL 2122175, at *2 (N.D. Tex. May 11, 2012), *adopted by* 2012 WL 2130907 (N.D. Tex. June 12, 2012). The removing defendant must show there is no possibility of recovery by the plaintiff against the in-state defendant, i.e., no reasonable basis for predicting that the plaintiff might be able to recover against the in-state defendant. *Smallwood*, 385 F.3d at 572. "In considering the allegations against in-state defendants, the court must look to the live pleadings at the time of removal." *Cook v. Wells Fargo Bank, N.A.*, No. 3:10-CV-0592-D, 2010 WL 2772445, at *3 (N.D. Tex. July 12, 2010) (citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("To determine whether jurisdiction is present for removal, we consider the claims in the state court petition as they existed at the time of removal.")). "If no reasonable basis for recovery exists, a conclusion can be drawn that the plaintiff's decision to join the local defendant was indeed improper, unless the showing compels dismissal of all defendants." *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005) (emphasis omitted).

There are two proper means for predicting whether a plaintiff has a reasonable basis for recovery under state law. *Smallwood*, 385 F.3d at 573. Initially, a "court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id.* (citation omitted). The court must take as true the plaintiff's well-pleaded allegations of fact and resolve any contested issues of fact or ambiguities in state law in the plaintiff's favor. *Cantor*, 641 F.Supp.2d at 608 (citations omitted). The court does not predict "whether the plaintiff will certainly or even probably prevail on the merits, but look[s] only for a possibility that he may do so." *Dodson v. Spiliada Mar.*

*Corp.*, 951 F.2d 40, 42 (5th Cir. 1992) (citation omitted). "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Smallwood*, 385 F.3d at 573. If "a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder ... the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Id.* Although a matter for the court's discretion, "a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude [the] plaintiff's recovery against the in-state defendant." *Id.* at 573-74. The court may not move "beyond jurisdiction and into a resolution of the merits." *Id.* at 574.

Here, Plaintiff sues Duncanson for negligent representation. (*See* doc. 1-1 at 5-6.) She alleges that Duncanson made a representation to her in the course of conducting her business in which she had a pecuniary interest; the false information was intended as guidance for her; she failed to exercise reasonable care or competence when she provided the false information to her; and the misrepresentation proximately caused her injury. (*Id.* at 6.) Plaintiff's allegations are conclusory and devoid of any factual content, and they fail to state a negligent misrepresentation claim that is plausible on its face.[6] There are no details as to the alleged representations Duncanson made in the course of her business, or in a transaction in which she has a pecuniary interest, or of the false information that she allegedly supplied for Plaintiff's guidance in her business. *See Gen. Elec. Capital Corp.*, 415 F.3d at 395-96. Additionally, there are no factual allegations to support Plaintiff's conclusory assertions that Duncanson did not exercise reasonable care in obtaining or communicating the information to her. *See id.* Notably, she does not allege that her reliance on the

---

[6]A claim for negligent misrepresentation under Texas law consists of four elements: (1) the defendant made a representation in the course of his business, or in a transaction in which he has a pecuniary interest; (2) the defendant supplied false information for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffered pecuniary loss by justifiably relying on the representation. *Gen. Elec. Capital Corp. v. Posey*, 415 F.3d 391, 395-96 (5th Cir. 2005).

representation was justifiable. *Id.* Under a Rule 12(b)(6)-type analysis, Defendants have met their heavy burden to show there is no reasonable basis for predicting Plaintiff might recover against Duncanson on her negligent representation claim. *See Smallwood*, 385 F.3d at 573. The joinder of Duncanson was therefore improper, and her citizenship does not defeat removal jurisdiction premised on diversity of citizenship. *See id.* at 572-73. Duncanson should be dismissed from this lawsuit as an improperly joined party. *See Griggs v. State Lloyds*, 181 F.3d 694 (5th Cir. 1999); *Kling Realty Co. v. Chevron USA, Inc.*, 575 F.3d 510 (5th Cir. 2009) (affirming dismissal of improperly joined defendant). Accordingly, Defendants have met their burden to show that complete diversity of citizenship exists in this case.

### III. VOLUNTARY DISMISSAL

Plaintiff seeks to voluntarily dismiss her claims under Fed. R. Civ. P. 41(a)(1)(A)(i). (*See* doc. 6.)

Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure provides that a plaintiff may dismiss his action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment. Here, Defendant filed an answer in state court prior to removal, (*see* doc. 1-1 at 8-13), which precludes voluntary dismissal of the claims against it by notice. *See In re Amerijet Intern., Inc.,* 785 F.3d. 967, 974-75 (5th Cir. 2015). Accordingly, Plaintiff may only voluntarily dismiss her claims against Defendant without a court order by filing a stipulation of dismissal signed by it. Fed. R. Civ. P. 41(a)(1)(A)(ii).

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that after a defendant serves either an answer or a motion for summary judgment, and if it does not consent to voluntary dismissal, as here, an action may be dismissed on the plaintiff's request only by court order on terms it considers proper. Fed. R. Civ. P. 41(a)(2); *In re FEMA Trailer Formaldahyde Products Liability*,

628 F.3d 157, 162 (5th Cir. 2010); *Hyde v. Hoffmann-La Roche, Inc.*, 511 F.3d 506, 509 (5th Cir. 2007); *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 320 (5th Cir. 2002). If the defendant has filed a counterclaim, voluntary dismissal should generally be denied, unless the counterclaim can remain pending as an independent action. Fed. R. Civ. P. 41(a)(2). Unless the order otherwise states, a dismissal under Rule 41(a)(2) is without prejudice. *Id.*

The decision whether an action should be dismissed under Rule 41(a)(2) is within the sound discretion of the court. *Schwarz v. Folloder*, 767 F.2d 125, 129 (5th Cir. 1985) (citing *La-Tex Supply Co. v. Fruehauf Trailer Division*, 444 F.2d 1366, 1368 (5th Cir. 1971)). Notwithstanding this discretion, voluntary dismissals "should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor*, 279 F.3d at 317 (citing *Manshack v. Southwestern Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990)). The primary consideration is whether the non-movant would be prejudiced or unfairly affected. *Id.* at 317-18. "Absent such a showing or other 'evidence of abuse by the movant,' the motion should be granted." *United States ex rel. Vaughn v. United Biologics, L.L.C.*, 907 F.3d 187, 197 (5th Cir. 2018) (quoting *id.* at 317).

Courts have found plain legal prejudice when the plaintiff moves to dismiss the case at a late stage of the proceedings after the parties have exerted significant time and effort, the plaintiff seeks to avoid an imminent adverse ruling, or if dismissal would cause the defendant to be stripped of an otherwise available defense if the case were to be re-filed. *See In re FEMA Trailer Formaldahyde Products Liab. Litig.*, 628 F.3d at 162-63; *Hartford Acc. & Indem. Co. v. Costa Lines Cargo Servs., Inc.*, 903 F.2d 352, 360 (5th Cir. 1990). Courts finding plain legal prejudice have often noted a combination of these factors. *See In re FEMA Trailer Formaldahyde Products Liab. Litig.*, 628 F.3d at 163 (affirming finding of prejudice based on the size and scope of a multiparty ligation where

dismissal without prejudice was requested after trial date had been set for six months, it would require the court to re-align the parties, the re-alignment would almost surely add a different group of subsidiary defendants, the defendants would not be spared the continuing costs of legal defense because other plaintiffs remained, their investment in trial preparation would be wasted, and the other plaintiffs would be disadvantaged); *U.S. ex rel. Doe v. Dow Chemical Co.*, 343 F.3d 325 (5th Cir. 2003) (affirming a finding of prejudice where the plaintiff sought dismissal nine months after suit was filed, the parties had filed responsive pleadings, motions to compel, motions for expedited hearing, motions to dismiss, motions for oral arguments, and a motion for rehearing, the plaintiff's case could be construed as having been substantially weakened when the United States declined to intervene, and counsel had been sanctioned by the district court for failure to participate in the discovery process); *Davis v. Huskipower Outdoor Equip. Corp.,* 936 F.2d 193, 199 (5th Cir.1991) (affirming finding of prejudice where motion to dismiss was filed after a year had passed since removal of the case, the parties had spent months filing pleadings, attending conferences, and submitting memoranda, and a magistrate judge had issued a recommendation adverse to the moving party's position); *Hartford Acc. & Indem. Co.*, 903 F.2d at 360 (affirming finding of prejudice where dismissal was requested nearly ten months after removal of action, hearings had been conducted on various issues, significant discovery had occurred, a defendant had already been granted summary judgment, and a jury trial had been set for the remaining defendants); *compare John M. Crawley, L.L.C. v. Trans-Net, Inc.*, 394 F. App'x 76 (5th Cir. 2010) (finding no prejudice where only seven months had elapsed between removal and the motion to dismiss, no dispositive motions had been filed, and depositions had not begun).

      Here, none of the relevant factors are present. Plaintiff moves to dismiss the case in the very early stages of litigation — less than two months after the lawsuit was filed in state court. There are

no allegations that the time and effort Defendants have invested in defending this action are substantial, nor is there any allegation that they would be deprived of any defense. Additionally, there are no pending motions that could result in an imminent adverse ruling against Plaintiff. While Defendants have asserted counterclaims against her for attorney's fees, filing a frivolous lawsuit, and declaratory relief, these counterclaims can remain pending as an independent action. *See Yesh Music v. Lakewood Church*, 727 F.3d 356, 363 (5th Cir. 2013) ("[V]oluntary dismissals do not deprive courts of the jurisdiction to award attorneys' fees.") (citation omitted). No plain legal prejudice to Defendants is apparent under the circumstances, other than the mere prospect of a second lawsuit. *See Elbaor*, 279 F.3d at 317; *Bechuck v. Home Depot U.S.A., Inc.*, 814 F.3d 287, 299 (5th Cir. 2016) (emphasizing that the mere fact that a plaintiff "may gain a tactical advantage by dismissing its suit without prejudice and refiling in another forum is not sufficient legal prejudice") (quotation omitted). The facts in this case do not rise to same level of time and effort exerted in those cases where plain legal prejudice has been found, and voluntary dismissal should be freely granted.

## IV. RECOMMENDATION

Duncanson should be *sua sponte* dismissed from the lawsuit as an improperly joined defendant. Plaintiff's notice should be liberally construed as a motion to dismiss her claims against Defendants without prejudice and **GRANTED**. Defendants' counterclaims against Plaintiff should remain pending in this case.

**SO RECOMMENDED** on this 30th day of March, 2021.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE