UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLENE ARKANSAS, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:21-CV-0122-B-BH |
| | § | |
| SPECIALIZED LOAN SERVICING, LLC, | § | |
| WILMINGTON TRUST, NATIONAL | § | |
| ASSOCIATION, AS SUCCESSOR | § | |
| TRUSTEE TO CITIBANK, N.A., AS | § | |
| TRUSTEE FOR BEAR STERNS ASSET | § | |
| BACKED SECURITIES I TRUST | § | |
| 2006-HE4 ASSET-BACKED | § | |
| CERTIFICATES, SERIES 2006-HE4, and | § | |
| PAULA DIANE DUNCANSON, | § | |
| Defendants. | § | |

## ORDER ACCEPTING FINDINGS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

After reviewing all relevant matters of record in this case, including the Findings, Conclusions, and Recommendation of the United States Magistrate Judge and any objections thereto, in accordance with 28 U.S.C. § 636(b)(1), the undersigned District Judge is of the opinion that the Findings and Conclusions of the Magistrate Judge are correct and they are accepted as the Findings and Conclusions of the Court.

Specialized Loan Servicing, LLC (SLS) and Wilmington Trust, National Association, as Successor Trustee to Citibank, N.A., as Trustee for Bear Sterns Asset Backed Securities I Trust 2006-HE4 Asset-Backed Certificates, Series 2006-HE4 (Wilmington) (collectively Defendants) object that the magistrate judge's recommendation to grant the voluntary dismissal of the plaintiff's claims without prejudice contradicts the intent of the "two-dismissal" rule codified in Fed. R. Civ.

P. 41(a)(1)(B).[1]  They contend that this lawsuit is the plaintiff's second lawsuit challenging foreclosure and that the first lawsuit she filed against Wilmington and the former loan servicer in 2018 was voluntarily dismissed without prejudice under Rule 41(a)(1)(A)(ii).  Defendants did not raise this argument in their response to the voluntary dismissal, however.  While their response argued that both lawsuits are nothing more than an attempt to stop foreclosure, and that her claims should be barred under the doctrines of judicial estoppel and *res judicata*, it did not reference the "two-dismissal" rule nor argue that it is applicable in this case.  Notwithstanding the failure to raise this argument in the response, it is unavailing.  It is well established that the "two-dismissal" rule of Rule 41(a)(1)(B) does not apply to Rule 41(a)(2) motions. *See Am. Cyanamid Co. v. McGhee*, 317 F.2d 295, 297-98 (5th Cir. 1963); *see also Thunderhorse v. Collier*, 815 F. App'x 798, 799 (5th Cir. 2020) ("While Rule 41(a)(2) gives the district court the discretion to convert a motion to dismiss without prejudice to a dismissal with prejudice, the dismissal may not rely on Rule 41(a)(1)(B), and the district court must allow the plaintiff the opportunity to retract his motion and to reject the condition of dismissal with prejudice.") (internal citations omitted).  This objection is therefore overruled.

Defendants also appear to object that the plaintiff intends to dismiss this case without prejudice.  They assert that after the plaintiff's voluntary dismissal was filed, there was a stipulation with the plaintiff's former attorney for a dismissal with prejudice.  Included with their objections is a copy of the letter from the former attorney, confirming that the plaintiff provided written

---

[1] Federal Rule of Civil Procedure 41(a)(1)(B) states: "Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits."

authorization to dismiss her claims with prejudice.  Defendants did not make this assertion in their response, and they did not file the letter before the magistrate judge's recommendation was issued.  Even considering this assertion, the letter does not establish that the plaintiff seeks to dismiss her claims without prejudice.  It was dated the day that her attorney withdrew, and the motion to withdraw as counsel stated that a conflict of interest existed because the former attorney and the plaintiff were no longer in agreement.  Moreover, the plaintiff's motion sought to dismiss without prejudice.  This objection is overruled.

For the reasons stated in this order as well as in the Findings, Conclusions, and Recommendation, Paula Diane Duncanson is *sua sponte* **DISMISSED** from the lawsuit as an improperly joined defendant, and the plaintiff's *Notice of Dismissal*, filed January 29, 2021 (doc. 6), is liberally construed as a motion to dismiss her claims against the remaining defendants without prejudice under Rule 41(a)(2) and **GRANTED**.  By separate judgment, all of the plaintiff's claims against the defendants will be **DISMISSED** without prejudice.  The counterclaims against the plaintiff remain pending in this case.

**SIGNED this 30th day of April, 2021.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE