IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHARLENE ARKANSAS,       §<br>    Plaintiff,              §<br>                              §<br>v.                            §<br>                              §<br>SPECIALIZED LOAN SERVICING, LLC, §<br>WILMINGTON TRUST, NATIONAL §<br>ASSOCIATION, AS SUCCESSOR §<br>TRUSTEE TO CITIBANK, N.A., AS §<br>TRUSTEE FOR BEAR STERNS ASSET §<br>BACKED SECURITIES I TRUST §<br>2006-HE4 ASSET-BACKED §<br>CERTIFICATES, SERIES 2006-HE4, and §<br>PAULA DIANE DUNCANSON, §<br>    Defendant.              § | Civil Action No. 3:21-CV-0122-B-BH<br><br><br><br><br><br><br><br><br><br><br><br>Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is *Defendant's Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56*, filed August 20, 2021 (doc. 29). Based on the relevant filings, evidence, and applicable law, the motion should be **GRANTED in part** and **DENIED in part**.

**I. BACKGROUND**

This case involves the foreclosure of real property located at 6415 Lazy River Drive, Dallas, Texas 75241 (the Property). (*See* doc. 1-1 at 4.)[2] On November 25, 2005, Charlene Arkansas (Plaintiff) executed a Texas Home Equity Note (Note) in favor of Aames Funding Corporation DBA Aames Home Loan (Aames) for a loan in the principal amount of $63,750.00. (*See* doc. 29-1.) Plaintiff contemporaneously executed a Texas Home Equity Security Instrument (Deed of Trust)

---

[1]By *Standing Order of Reference* filed February 12, 2021 (doc. 15), this case has been referred for full case management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions.

[2]Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

that granted a security interest in the Property to Aames to secure repayment under the Note. (*See* doc. 29-2.) Under the terms of the Note and Deed of Trust, Plaintiff would be in default if she failed to timely pay the full amount of each required monthly payment and subject to acceleration of the loan and foreclosure proceedings on the Property. (*See* docs. 29-1 at 2; 29-2 at 13.)

On February 12, 2012, Accredited Home Lenders, Inc., as successor by merger to Aames, executed a Corporate Assignment of Deed Trust to Citibank, N.A., as Trustee for Bear Sterns Asset Backed Securities I Trust 2006-HE4, Asset-Backed Certificates, Series 2006-HE4 (Citibank). (doc. 29-3.) On December 3, 2012, Wilmington Trust, National Association (Wilmington) became Successor Trustee to Citibank, and is the current owner and holder of the Note and the beneficiary of the Deed of Trust. (*See* docs. 29-4; 29-8.) Specialized Loan Servicing, LLC (SLS) is the current servicer of Plaintiff's mortgage. (doc. 29-8.)

On November 4, 2013, Plaintiff filed for bankruptcy under Chapter 13 of the United States Bankruptcy Code in the United States District Court for the Northern District of Texas (the Bankruptcy Case). (*See* doc. 29-6 at 1.) On February 11, 2014, the bankruptcy court confirmed Plaintiff's bankruptcy plan that, in relevant part, provided for curing the pre-petition arrearage on her mortgage. (doc. 29-6 at 77-79.) Beginning January 1, 2015, Plaintiff failed to submit her required monthly payments. (doc. 29-8 at 2.) On February 27, 2017, Wells Fargo Bank, N.A., the former servicer of Plaintiff's mortgage (Former Servicer), moved to lift the automatic stay in the Bankruptcy Case after Plaintiff defaulted on her post-petition payments. (doc. 29-6 at 84-87.) The bankruptcy court lifted the stay on April 26, 2017, and dismissed the Bankruptcy Case on July 7, 2017. (*Id.* at 81-82, 92-93.)

On June 2, 2017, Former Servicer sent Plaintiff a notice of default and notice of intent to

accelerate (Notice) by certified mail as required under the Note and Deed of Trust. (*See* doc. 29-5.) The Notice explained that Plaintiff was in default for failure to make required payments, and that the maturity date of the Note and Deed of Trust would be accelerated if the default was not cured by July 7, 2017. (*Id.* at 3.)

On or about November 21, 2017, Wilmington filed an Application for an Expedited Order under Rule 736 in state court. (*See* doc. 1-1 at 4.) On May 7, 2018, Plaintiff filed suit against Wilmington and Former Servicer in state court for declaratory judgment that she was not subject to foreclosure because she was not the person who took out the loan on the Property. (*Id.* at 5.) After the state action was removed to federal court, servicing of Plaintiff's mortgage was transferred to SLS, and the parties jointly stipulated to dismissal of the case without prejudice. (*Id.*)

On December 15, 2020, Plaintiff filed this lawsuit in state court against Wilmington, SLS, and Paula Diane Duncanson. (*Id.*) The state petition alleged that Plaintiff was the rightful owner of the Property and sought declaratory judgment that (1) she did not receive a home equity loan, (2) she did not sign the security instrument creating the lien against the Property, and (3) SLS and Wilmington are without legal authority or right to foreclose on the Property. (*Id.* at 4, 6.) It also alleged that because Ms. Duncanson had notarized the security instrument without Plaintiff's signature, she was liable for negligent misrepresentation. (*Id.* at 6.) SLS and Wilmington (Defendants) answered and asserted counterclaims on January 11, 2021, and on January 19, 2021, they removed the case to this court based on diversity jurisdiction. (*See id.* at 8-13; doc. 1.)

On January 29, 2021, Plaintiff filed an opposed motion to voluntarily dismiss her action without prejudice. (*See* docs. 6, 10.)[3] Subsequently, Defendants moved for leave to file their first

---

[3]On February 12, 2021, Plaintiff's counsel's motion to withdraw was granted (doc. 13), and Plaintiff is now proceeding *pro se*.

amended counterclaim, which was granted by order dated March 11, 2021. (*See* docs. 18, 19.) On April 30, 2021, the district court adopted the recommendation that Ms. Duncanson be *sua sponte* dismissed as an improperly joined defendant and that Plaintiff's motion to dismiss her claims against Defendants without prejudice be granted. (*See* docs. 20, 22, 23.)

Defendants' first amended counterclaim alleges that Plaintiff's lawsuit was frivolous under Texas law, and that she had "filed a groundless lawsuit to delay Defendants' right to foreclose and take possession of its collateral following default." (doc. 19 at 3.) It alleges that her pleadings violate Tex. Civ. Prac. & Rem. Code §§9.011 *et seq.* and §§10.001 *et seq.* because they are "(1) groundless and brought in bad faith; (2) groundless and brought for the purpose of harassment; or (3) groundless and interposed for an improper purpose, such as to cause unnecessary delay and/or needless increase in the cost of litigation." (*Id.*) Defendants seek an order allowing foreclosure of the Property, an order declaring that "Wilmington's lien on the Property is enforceable, valid, and subsisting," and an award of their reasonable and necessary attorneys' fees and costs as permitted under the Note and Deed of Trust. (*Id.* at 5-6.)

On August 20, 2021, Defendants moved for summary judgment on their counterclaims. (*See* doc. 29.) Plaintiff did not respond to the motion.

## II. MOTION FOR SUMMARY JUDGMENT

Summary judgment is appropriate when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.*

4

The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record that reveal there are no genuine material fact issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If it "bears the burden of proof on an issue, either because [it] is the plaintiff or as a defendant [it] is asserting an affirmative defense, [it] must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in [its] favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original). The moving party can also meet its summary judgment burden by "pointing out to the district court that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp.*, 477 U.S. at 325 (internal quotation omitted). There is "no genuine issue as to any material fact [where] a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323.

Once the movant makes this showing, the non-movant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Id.* at 324. It must go beyond its pleadings and designate specific facts to show there is a genuine issue for trial. *Id.*; *Anderson*, 477 U.S. at 249.[4] Rule 56 imposes no obligation for a court "to sift through the record in search of evidence to support a party's opposition to summary judgment." *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 164 (5th Cir. 2006) (quoting *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir.1998)). Parties must "identify specific evidence in the record" supporting challenged claims and "articulate the precise manner in which that evidence supports [those] claim[s]." *Ragas*, 136 F.3d at 458 (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th

---

[4]"The parties may satisfy their respective burdens by 'citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials.'" *Rooters v. State Farm Lloyds*, 428 F. App'x 441, 445 (5th Cir. 2011) (citing Fed. R. Civ. P. 56(c)(1)).

5

Cir. 1994)). While all of the evidence must be viewed in a light most favorable to the motion's opponent, *Anderson*, 477 U.S. at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)), neither conclusory allegations nor unsubstantiated assertions satisfy the non-movant's summary judgment burden. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). Summary judgment in favor of the movant is proper if, after adequate time for discovery, the motion's opponent fails to establish the existence of an element essential to his case and as to which he will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23.

A. **Order Allowing Foreclosure**

Defendants move for summary judgment on their counterclaim for foreclosure on the Property. (doc. 29 at 13.)

To show entitlement to an order authorizing foreclosure on a home equity loan in Texas, the party must demonstrate that: (1) a debt exists; (2) the debt is secured by a lien created under Article 16, Section 50(a)(6) of the Texas Constitution; (3) the debtor is in default under the security instruments; and (4) the debtor has been properly served with notice of default and notice of acceleration. *See Christiana Trust v. Jacob*, No. 7:15-CV-033-DAE, 2016 WL 4468274, at *2 (W.D. Tex. Aug. 23, 2016) (citing Tex. Prop. Code § 51.002; *Huston v. U.S. Bank Nat'l Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013), *aff'd by* 583 F. App'x 306 (5th Cir. 2014)).[5] A foreclosure sale may be instituted either by a judgment of the court establishing the debt and fixing the lien, or by a valid exercise of a power contained in a deed of trust. *Bonilla v. Roberson*, 918 S.W.2d 17, 21

---

[5] The Texas Property Code requires a mortgage servicer to serve a debtor in default with written notice by certified mail stating that the note is in default and providing at least twenty days to cure before any notice of sale can be given. *See* Tex. Prop. Code § 51.002(d). Service is complete when the notice is deposited in the United States mail, postage prepaid and addressed to the debtor at the debtor's last known address. *Id.* at § 51.002(e).

(Tex. App.—Corpus Christi 1996, no writ) (citation omitted).

Here, Defendant proffers the Note, Deed of Trust, the assignments of the Deed of Trust, the Notice, court records from the Bankruptcy Case, and a sworn declaration from an executive employee of SLS verifying the amounts currently due under the loan as summary judgment evidence. (*See* docs. 29-1–29-6, 29-8.) These exhibits establish that the Note and Deed of Trust constitute a valid agreement between Plaintiff and Aames for a debt secured by a lien created in the Deed of Trust under Article 16, Section 50(a)(6) of the Texas Constitution, and that Plaintiff's failure to make monthly payments as required by these instruments would result in a breach of the loan. (*See* docs. 29-1, 29-2.) They show that Aames' successor assigned the original Deed of Trust to Citibank in February 2012, and that Wilmington became Successor Trustee to Citibank in December 2012, and is the current owner and holder of the Note and the beneficiary of the Deed of Trust.[6] (*See* docs. 29-3, 29-4.) Defendants' summary judgment evidence also shows that there is a default under the Note and Deed of Trust because the required monthly payments beginning January 1, 2015, are owed and remain unpaid. (*See* docs. 29-5, 29-6.) It shows that Defendants properly complied with the notice requirements contained within the Note, Deed of Trust, and Texas Property Code when written notice was sent to Plaintiff via certified mail on June 2, 2017, which stated that Plaintiff was in default, provided at least thirty days to cure the default, and warned that failure to pay the total amount due would result in foreclosure of the lien.[7] (*See* doc. 29-5 at 3.) Defendants

---

[6]The summary judgment evidence also establishes that SLS is a "mortgage servicer" under Texas Property Code § 51.0001 that may administer a foreclosure sale of real property under Texas Property Code § 51.002. *See* Tex. Prop. Code § 51.0025, 51.0001(3), 51.0001(4)(a)-(c).

[7]Under Texas law, "filing an expedited application for foreclosure after the requisite notice of intent to accelerate is sufficient to constitute notice of acceleration." *Burney v. Citigroup Glob. Markets Realty Corp.*, 244 S.W.3d 900, 904 (Tex. App.—Dallas 2008, no pet.); *see also Alcala v. Deutsche Bank Nat'l Tr. Co. for Long Beach Mortg. Loan Tr. 2006-5*, 684 F. App'x 436, 438-39 (5th Cir. 2017) ("After the requisite notice of intent is provided, notice of acceleration may take the form of the filing of an expedited application for foreclosure.") (citing *id.*); *Smither v. Ditech*

have also established that as of August 20, 2021, the loan's unpaid principal balance is $56,861.80. (doc. 29-8 at 2.) They have met their summary judgment burden to show no genuine issue exists as to any material fact on their counterclaim for foreclosure.

The burden now shifts to Plaintiff to identify evidence in the record raising a genuine issue of material fact regarding whether Defendants are entitled to a foreclosure order on the Property. By not responded to the summary judgment motion, Plaintiff has failed to meet her summary judgment burden to show a genuine issue of material fact on at least one element of Defendants' counterclaim for foreclosure. Accordingly, Defendants are entitled to judgment as a matter of law on this counterclaim.

**B.** **<u>Declaratory Judgment</u>**

Defendants contend that summary judgment is appropriate on their request for declaratory judgment. (doc. 29 at 8.)

The federal Declaratory Judgment Act (Act) provides that "[i]n a case of actual controversy within its jurisdiction, ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. The Act "does not create a substantive cause of action" and "is merely a vehicle that allows a party to obtain an early adjudication of an actual controversy arising under other substantive law." *Metropcs Wireless, Inc. v. Virgin Mobile USA, L.P.*, 3:08-CV-165-D, 2009 WL 3075205, at *19 (N.D. Tex. Sept. 25, 2009) (citations and quotations omitted). The Act is an authorization and not a command, and allows

---

*Fin., L.L.C.*, 681 F. App'x 347, 352 (5th Cir. 2017) ("Once the requisite notice of intent is provided, notice of acceleration may take the form of the filing of a foreclosure action."). Plaintiff received the notice of acceleration when Wilmington filed the Application for an Expedited Order under Rule 736 in state court on November 21, 2017. (doc. 1-1 at 4.)

8

federal courts broad, but not unfettered, discretion to grant or refuse declaratory judgment. *Id.* Nevertheless, "[i]f a request for a declaratory judgment adds nothing to an existing lawsuit, it need not be permitted." *Cypress/Spanish Ft. I, LP v. Prof'l Serv. Indus., Inc.*, 814 F. Supp. 2d 698, 710 (N.D. Tex. 2011) (citing *Madry v. Fina Oil & Chem. Co.*, 44 F.3d 1004, 1994 WL 733494, at *2 (5th Cir. 1994)).

Here, Defendants assert a counterclaim for declaratory judgment that "Wilmington's lien on the Property is enforceable, valid, and subsisting." (*See* doc. 19 at 4, 6.) As discussed, Defendants are entitled to summary judgment on their counterclaim for foreclosure on the Property because their summary judgment evidence demonstrates, among other things, that the Note and Deed of Trust were valid and enforceable. *See Christiana Trust*, 2016 WL 4468274, at *2. "Courts in the Fifth Circuit regularly reject declaratory judgment claims seeking the resolution of issues that will be resolved as part of the claims in the lawsuit." *Am. Equip. Co. v. Turner Bros. Crane & Rigging, LLC*, No. 4:13-CV-2011, 2014 WL 3543720, at *4 (S.D. Tex. July 14, 2014) (citing cases). Because Defendants' declaratory judgment counterclaim seeks relief involving an issue that has been resolved as part of their foreclosure counterclaim, it is duplicative and should be rejected. *See Madry*, 1994 WL 733494, at *2 (reversing award of declaratory relief where "[t]he declaratory judgment does not declare any significant rights not already at issue in the contract dispute"); *see, e.g., Xtria LLC v. Tracking Sys., Inc.*, No. 3:07-CV-0160-D, 2007 WL 1791252, at *3 (N.D. Tex. June 21, 2007) (dismissing the plaintiff's declaratory judgment action because it "essentially duplicates [the plaintiff's] breach of contract claim"); *Scritchfield v. Mutual of Omaha Ins. Co.*, 341 F. Supp.2d 675, 682 (E.D. Tex. 2004) (dismissing plaintiffs' declaratory judgment claims because "[p]laintiffs would get nothing from a declaratory judgement [sic] that they would not get from

9

prevailing on their breach of contract claims").

In their motion for summary judgment, Defendants also move for a declaration that Plaintiff filed a frivolous lawsuit. (*See* doc. 29 at 10, 17.) While Defendants' first amended counterclaim alleges that Plaintiff's lawsuit was frivolous and was an attempt to stop foreclosure proceedings, it did not plead this as part of the declaratory judgment counterclaim. (*See* doc. 19 at 3-4.) Because a request for an order declaring Plaintiff's lawsuit frivolous under Texas law was not raised in Defendants' first amended counterclaim, it will not be considered for the first time on summary judgment. *See Cutrera v. Bd. of Supervisors*, 429 F.3d 108, 113 (5th Cir. 2005) (explaining that a theory that "is not raised in the complaint, but, rather, is raised only in response to a motion for summary judgment is not properly before the court"); *see also Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("There must be a sufficient basis in the pleadings for the judgment entered."). Accordingly, Defendants' motion for summary judgment as to their declaratory judgment counterclaim should be denied.

## C. <u>Attorneys' Fees</u>

Defendants contend that they are entitled to recover their reasonable and necessary attorneys' fees and costs incurred in defending this lawsuit as allowed under the Deed of Trust. (doc. 29 at 11.)

Under Texas law, a party may recover attorneys' fees only when allowed by statute or contract. *1/2 Price Checks Cashed v. United Auto. Ins. Co.*, 344 S.W.3d 378, 382 (Tex. 2011) (citing *Akin, Gump, Strauss, Hauer & Feld, L.L.P. v. Nat'l Dev. & Research Corp.*, 299 S.W.3d 106, 120 (Tex. 2009)); *Tony Gullo Motors I, L.P. v. Chapa,* 212 S.W.3d 299, 310-11 (Tex. 2006). Texas law allows the recovery of attorneys' fees when allowed by language in mortgage contracts. *See Richardson v. Wells Fargo Bank, N.A.*, 740 F.3d 1035, 1040 (5th Cir. 2014) (analyzing Texas law

10

to determine that motions for attorneys' fees provided by mortgage contracts are permissible); *Velazquez v. Countrywide Home Loans Servicing*, 660 F.3d 893, 899 (5th Cir. 2011) (recognizing the recovery of attorneys' fees under a deed of trust).

Here, the Deed of Trust expressly permits the recovery of all expenses incurred following Plaintiff's "breach of any covenant or agreement in this Security Instrument," including "court costs, reasonable attorneys' fees and costs of title evidence." (doc. 29-2 at 13.) It also provides that any amounts paid by the lender to protect its interests in the Property and Deed of Trust, including reasonable attorneys' fees, "shall become additional debt of Borrower secured by this Security Instrument." (*Id.* at 7-8.) Because it is permitted in the Deed of Trust, Defendants are entitled to their reasonable attorneys' fees for pursuing their foreclosure counterclaim. *See TFHSP, LLC Series 10147 v. U.S. Bank Nat'l Ass'n*, No. 3:14-CV-2589-M-BN, 2016 WL 2856006, at *4 (N.D. Tex. Apr. 18, 2016), *adopted by* 2016 WL 2853565 (N.D. Tex. May 13, 2016) (concluding that the mortgage creditor was entitled to recover its reasonable attorneys' fees when provided under the Note and Deed of Trust).

"Although courts should consider several factors when awarding attorney's fees, a short hand version of these considerations is that the trial court may award those fees that are 'reasonable and necessary' for the prosecution of the suit." *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 10 (Tex. 1991).  In *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997), the Texas Supreme Court identified the following factors to determine the reasonableness of attorney's fees:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly;
>
> (2) the likelihood . . . that the acceptance of the particular employment will preclude

11

> other employment by the lawyer;
>
> (3) the fee customarily charged in the locality for similar legal services;
>
> (4) the amount involved and the results obtained;
>
> (5) the time limitations imposed by the client or by the circumstances;
>
> (6) the nature and length of the professional relationship with the client;
>
> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
>
> (8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

*Id.* at 818 (citing TEX. DISCIPLINARY R. PROF'L CONDUCT 1.04(b)). The fee applicant is not required to present evidence on all of the factors, however. *Weaver v. Jamar*, 383 S.W.3d 805, 814 (Tex. App.–Houston [14th Dist.] 2012, no pet.). "The trial court may also consider the entire record, the evidence presented on reasonableness, the amount in controversy, the common knowledge of the participants as lawyers and judges, and the relative success of the parties." *Id.*

In Texas, uncontroverted attorney testimony or an affidavit testifying to the attorney's qualifications, reasonableness of the attorney's fees, and the basis for the opinion may be sufficient to support an award of attorneys' fees. *See Clary Corp. v. Smith*, 949 S.W.2d 452, 469 (Tex. App.–Fort Worth 1997, no writ) ("Where . . . trial counsel's testimony concerning attorneys' fees is clear, positive and direct, and uncontroverted, it is taken as true as a matter of law. This is especially true where the opposing party had the means and opportunity of disproving the testimony, if it were not true, and failed to do so."). "The court, as a trier of fact, may award attorneys' fees *as a matter of law* in such circumstances, especially when the opposing party has the means and opportunity of disproving the testimony or evidence and fails to do so." *Ragsdale v. Progressive*

*Voters League*, 801 S.W.2d 880, 882 (Tex. 1990) (emphasis added).

Here, Defendants support the requested fees with an affidavit from their lead counsel stating that they incurred reasonable and necessary attorneys' fees and costs in the amount of $16,167.31 in defending this litigation. (*See* doc. 29-9.) The attorney opines that all of the legal work performed by him and other attorneys and staff at his firm was "both reasonable and necessary." (*Id.* at 2.) He states that his hourly rate is $265 and the hourly rate of the associate attorneys is $250, and the attorneys' fees requested reflect a blended hourly rate. (*Id.*) He also states that he has practiced law for over nineteen years and has extensive experience handling similar lawsuits, and that his hourly rate is reasonable and consistent with rates charged by attorneys of his experience level and background in the Northern District of Texas. (*Id.*) Under Texas law, Defendants' evidence is "legally sufficient" for an award of attorneys' fees. *See In re Estate of Tyner*, 292 S.W.3d 179, 184 (Tex. App–Tyler 2009, no pet.) ("[A]ttorney swore under oath that he is a licensed attorney, he is familiar with the reasonable and necessary attorney's fees charged for appeals in civil actions such as this case, he has personal knowledge of the services rendered to [the party] in this matter, and those services were reasonable, necessary, and customary. Thus, [the party's] attorney's affidavit sufficiently established reasonable attorney's fees and is legally sufficient to support the trial court's award of attorney's fees.").

Defendants' summary judgment evidence demonstrates that they are entitled to their reasonable attorneys' fees as provided under the Deed of Trust, and that the sum of $16,167.31 is a reasonable amount incurred by them in connection with their counterclaim for foreclosure. *See, e.g., Milligan v. CitiMortgage, Inc.*, No. 6:14-CV-00594, 2015 WL 11181560, at *2 (E.D. Tex. June 3, 2015) (finding that $11,990.80 was a "reasonable and necessary [amount of] attorney fees

13

incurred by [the defendant] in connection with its counterclaim to foreclose"). Because Plaintiff does not provide evidence or identify a genuine issue of material fact regarding Defendants' request for attorneys' fees or the reasonableness of the amount requested, they have shown they are entitled to $16,167.31 for their reasonable attorneys' fees as allowed under the Deed of Trust. Accordingly, their motion for summary judgment on their requested attorneys' fees should be granted.

### III. RECOMMENDATION

Defendant's motion for summary judgment should be **GRANTED** as to their counterclaim for foreclosure and attorneys' fees in the amount of $16,167.31, and it should be **DENIED** as to their counterclaim for declaratory judgment.

**SO RECOMMENDED** on this 24th day of January 2022.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE